# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7581 | **DATE** | 7/26/2002 |
| **CASE TITLE** | Lang v. IL Dept of Children and Family Svcs | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion for Review and Clarification (#34-1)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the attached reasons, Plaintiff's Motion for Review and Clarification is GRANTED in part and DENIED in part. This case is reopened. The parties are order to appear for a status hearing at 9:15 a.m. on August 21, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | JUL 29 2002 date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| | courtroom deputy's initials | date mailed notice |

Document Number

21

U.S. DISTRICT COURT
CLERK
02 JUL 26 PM 6:01

Date/time received in central Clerk's Office       mailing deputy initials

STEVEN LANG                )
     Plaintiff         )
                    )    NO. 00 C 7581
v.                   )
                    )    JUDGE WILLIAM J. HIBBLER
ILLINOIS DEPARTMENT OF CHILDREN  )
AND FAMILY SERVICES        )
     Defendants        )

**DOCKETED**

**JUL 29 2002**

## MEMORANDUM AND ORDER

Pro se Plaintiff Lang filed a complaint against his former employer, the Illinois Department of Children and Family Services ("Defendant"). Plaintiff alleges Defendant discharged him in retaliation for his filing a discrimination charge and participating in its investigation. Defendant responded previously with a motion to dismiss for lack of subject-matter jurisdiction, as well as failure to state a claim upon which relief can be granted; the Court denied Defendant's motion to dismiss on both counts. *Court's Order of July 9, 2001.* On February 5, 2002, Plaintiff filed an amended complaint and added a claim for equal protection relief under 42 U.S.C. § 1983. (Am. Compl. ¶ 10, 13.) Defendant filed another motion to dismiss under Rule 12(b)(6) and argued the Eleventh Amendment bars Plaintiff from filing suit against Defendant and, further, Plaintiff failed to state a claim. On April 29, the Court granted the motion to dismiss the amended

1

complaint. On May 1, Plaintiff filed the present motion to reconsider the Court's order of dismissal. For the following reasons, the Court GRANTS in part and DENIES in part the motion to reconsider its order of dismissal.

## Motion to Reconsider

If served within ten days of a final judgment, a motion to reconsider is considered to have been made under Rule 59(e) to "alter or amend" a judgment; a motion served more than ten days after final judgment is considered to be a Rule 60(b) motion for relief from a judgment or order. Fed.R.Civ.P. 59(e), 60(b); *Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166-67 (7th Cir.1995)(citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir.1992)). Rule 59(e) motions for reconsideration serve a limited function: a significant change in the law has occurred; the court misunderstood the party; the court made a decision outside the adversarial issues presented to court; the court made an error of apprehension, not reasoning; or significant new facts have been discovered. Fed.R.Civ.P. 59(e); *Russell v. Delco Remy Div.*, 51 F.3d 746, 749 (7th Cir.1995)(citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1991 (7th Cir.1990)).

In the present case, the Court issued its ruling on April 29 and Plaintiff filed its motion to reconsider on May 1; thus, since the motion was served within ten days of the Court's judgment, the

2

Court will presume Plaintiff moves for reconsideration pursuant to Rule 59(e). *See* Fed.R.Civ.P. 5.

## Analysis

As the Court stated in its April 29 opinion, the Eleventh Amendment bars federal courts from exercising jurisdiction over actions brought by a citizen against a state, state agency, or state official. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir.1992) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)); *see also Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64 (1989). All suits brought against a state or its officials are barred by the Eleventh Amendment unless the state consents to suit in federal court or Congress abrogates the state's immunity. *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985)); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir.1990). When a plaintiff brings an action against a state official in his or her official capacity, such suits are deemed to be "against the entity of which an officer is an agent." *Kroll v. Bd. of Trustees of the Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir.1991) (internal quotations omitted); *see also Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir.1987). Official-capacity suits that seek money damages or retroactive relief generally are barred by the Eleventh Amendment. *Id.* Further, the Eleventh Amendment bar extends both to federal claims and pendent state claims. *Pennhurst State Sch. & Hosp. v.*

3

*Halderman*, 465 U.S. 89, 120 (1984).

Here, Plaintiff has filed suit against the Illinois Department of Children and Family Services as a Defendant; Plaintiff did not name any individual defendants who acted in their individual and/or official capacities. Specifically, Plaintiff filed claims against the state agency, alleging discrimination and the violation of his equal protection rights under Section 1983, and requested money damages in the amount of $2.5 million dollars. The State of Illinois has not consented to suit under these circumstances and thus Plaintiff's claim is barred by the Constitution. In addition, the Supreme Court has held neither states nor state officials acting in their official capacities are "persons" within the meaning of Section 1983. *Will*, 491 U.S. at 64 (a lawsuit under Section 1983 against state officials constitutes a suit against the State itself and neither a State nor its officials acting in their official capacities are "persons" under Section 1983 for purposes of damage awards). Thus, if Plaintiff were to attempt to file suit against individual persons, Plaintiff's suit against those defendants in their official capacities would be barred by the U.S. Constitution and is not authorized by federal statute. *Santiago,* 894 F.2d at 220 n. 3.

However, States do not enjoy Eleventh Amendment immunity in Title VII claims. The Supreme Court in *Fitzpatrick v. Bitzer*, 427

4

U.S. 445, 447 (1976), concluded in the 1972 Amendment to Title VII of the Civil Rights Act of 1964, "Congress, acting under § 5 of the Fourteenth Amendment, authorized federal courts to award money damages ... against a state government ...." Since *Fitzpatrick*, the Courts of Appeals have concluded repeatedly the 1972 and 1991 amendments to the Civil Rights Act abrogate the States' immunity and permit claims for damages against the States. *See Holman v. State of Indiana*, 211 F.3d 399, 402 n. 2 (7th Cir.2000) (sex harassment claims against state employer are permitted) (citing *Fitzpatrick*, 427 U.S. at 448- 49; *Velasquez v. Frapwell*, 160 F.3d 389, 395 (7th Cir.1998) ("The Eleventh Amendment is no bar to Velasquez's claim of national-origin discrimination [against Indiana University], a claim founded on a statute (Title VII) that is clearly within the scope of section 5 of the Fourteenth Amendment."), *vacated in part on other grounds*, 165 F.3d 593, 594 (7th Cir.1999); *Winbush v. Iowa*, 66 F.3d 1471, 1483 (8th Cir.1995) (award of prejudgment interest against state employer authorized by 1991 Amendments to Title VII); *Greenwood v. Ross*, 778 F.2d 448, 452-53 (8th Cir.1985) (1972 Act) ("the district court erred in dismissing the Title VII [retaliation] claim against the [state university] Board of Trustees as barred by the Eleventh Amendment."); *Johnson v. University of Cincinnati*, 215 F.3d 561, 571 (6th Cir.2000) (race and national origin discrimination case

5

against state university not barred by Eleventh Amendment); *In re Employment Discrimination Litig. Against the State of Alabama,* 198 F.3d 1305, 1316-17 (11th Cir.1999); *Ussery v. Louisiana*, 150 F.3d 431, 434-35 (5th Cir.1998); *Cerrato v. San Francisco Cmty. College Dist.*, 26 F.3d 968, 975-76 (9th Cir.1994) (Eleventh Amendment does not bar race discrimination claims against a college which is a state instrumentality). Thus, the Court withdraws its order of dismissal of Plaintiff's claim of unlawful retaliatory discharge; Plaintiff may proceed with this Title VII claim.

### Conclusion

For the above reasons, Plaintiff's motion to reconsider is GRANTED in part and DENIED in part. Specifically, the Court maintains its dismissal of Plaintiff's claims for relief pursuant to Section 1983 but withdraws its dismissal of Plaintiff's claims of unlawful retaliatory discharge under Title VII. Further, the Court strongly encourages Plaintiff to retain professional legal counsel.

**IT IS SO ORDERED.**
**DATE:** July 26, 2002

_____
**Hon. William J. Hibbler**
**United States District Court Judge**